IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| Plaintiff, | § § | |
| v. | § | 1:22-CR-47-RP-1 |
| BRIANDA CHANTELLE ORNELAS, | § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Defendant Brianda Chantelle Ornelas's ("Defendant") motion for disclosure of evidence against Defendant and for production of exculpatory evidence. (Dkt. 18). The Court held a hearing on the motion on May 2, 2024. After reviewing the motion, the arguments made at the hearing, and the relevant law, the Court will deny Defendant's motion.

Defendant is on probation after being convicted of conspracy to transport undocumented aliens within the United States in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(I), and 1324(a)(1)(B)(i). (Dkt. 1). On April 1, 2024, Defendant's probation officer submitted a petition for warrant or summons for offender under supervision because the officer believed that Defendant had violated several of her conditions of supervision. (Dkt. 3). The Court set the matter for a final revocation hearing on May 2, 2024, (Dkt. 17), but prior to the hearing, Defendant filed the instant motion for disclosure, (Dkt. 18). Accordingly, the Court postponed Defendant's final revocation hearing and held a hearing on the motion for disclosure.

Defendant requests a copy of the U.S. Probation Office's file on Defendant, including the CHRONOS notes of the probation officers assigned to her case. (*Id.* at 1). Defendant argues that the probation file contains material evidence that supports Defendant's position that her probation should be modified and not revoked. Specifically, she contends that the file and the CHRONOS

notes must be disclosed as potential impeachment evidence of the anticipated probation officer who will testify at the final revocation hearing with respect to Defendant's alleged probation violations. She states that thus far the U.S. Probation Office has refused to provide defense counsel access to the file and instead has offered to "share what is a matter of public knowledge." (*Id.* at 1–2). Defendant also requests all statements of any witnesses to be called that are in possession of the Government under Federal Rules of Criminal Procedure 32.1 and 26.2 and any exculpatory evidence and evidence in possession of the government that would impeach government witnesses under *Brady* and *Giglio*.

The Court finds Defendant's request for disclosure of her probation file to be without merit. This request is one of first impression for the Court, but the Court finds persuasive the reasoning of other district courts that have found that probation notes should not be compelled until there is an indication that the Government plans on using the notes against the defendant. *See, e.g.*, *United States v. Hardiman*, No. 08-CR-80094, 2021 WL 4072714 (S.D. Fla. Aug. 23, 2021); *United States v. Houston*, No. CRS07-447 GEB, 2009 WL 2488176 (E.D. Cal. Aug. 13, 2009); *United States v. Joline*, No. 4:09-CR-00355, 2009 WL 4795607 (M.D. Pa. Dec. 8, 2009). In the present case, there is no indication that the Government is seeking to use the probation officer's notes against Defendant.

Absent that indication, disclosure of the probation officer's file is not necessary nor proper. Rules 26.2 and 32.1 only require the Government to provide to the defendant "any statement of the witness that is in their possession." Here, there is no evidence that the Government has actual possession of the probation file. The file is also not in the constructive possession of the Government because probation officers are members of the judiciary, not the prosecution. Probation officers compile notes to assist the court in its supervision of individuals on supervised release and in making difficult bond, release, detention, and sentencing determinations. Thus, the notes are not subject to production under Rules 26.2 or 32.1. *See Houston*, 2009 WL 2488176, at *2–

3. Additionally, the Court finds that "requiring production of Probation Officers' notes would have a chilling effect" on the officers' ability to conduct adequate supervision. *See Hardiman*, 2021 WL 4072714, at *1.

As for Defendant's requests for witness statements, exculpatory evidence, and evidence that would impeach government witnesses that is in the Government's possession under Rules 26.2, 32.1, *Brady*, and *Giglio*, as stated at the hearing, it is the Court's intention that the U.S. Probation Office disclose these materials as a matter of course in every case. Defendant has not raised any evidence that this routine disclosure has not occurred in this case.

For these reasons, **IT IS ORDERED** that Defendant's motion for disclosure of evidence against Defendant and for production of exculpatory evidence, (Dkt. 18), is **DENIED**.

**SIGNED** on May 2, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE